Battle, J.
 

 The only question made on the motion for a new trial in the Court below was, that improper testimony had been admitted, and to that we shall confine our attention. The ground of the objection is, that the testimony that the plaintiff’s slaves were employed in the ship-yard of the defendants in the same manner as their other apprentices, did not show, nor tend to show, that they were properly employed in learning the trade of ship-carpenters and caulkers, and was therefore irrelevant, and ought to have been rejected. It is often difficult to draw the line which separates testimony which is irrelevant, because it is incapable of affording a rea
 
 *322
 
 sonable presumption or inference of the fact in dispute, from that which does tend, in some degree, however slight, to prove such fact. The first is not admissible, and the second is ; and hence there is a necessity that the line should be drawn. The duty of doing it is imposed upon the Court; and so imposed for tho purpose of preventing the minds of the jurors from being drawn away from the point in issue, and from being prejudiced and misled by immaterial matters. In performing this duty, it seems to us that the testimony in question is obnoxious to the objection urged against it. There was no proof, nor any offer of proof, that the defendants’ other apprentices were properly instructed in the trade which the defendants wore bound by their covenant, to teach the plaintiff’s slaves. We are to assume, though it is not expressly stated, that tho plaintiff had introduced testimony sufficient to make out a prima facie case of a breach of the defendants’ covenant. It was then incumbent upon the defendants to rebut that testimony. Could it be rebutted, either wholly, or partially, by proof that plaintiff’s slaves were as well taught as the other apprentices of the defendants, when it did not appear whether tho latter were well or ill taught ? It seems to us that for the want of such proof, admitting it to be competent, the testimony became irrelevant and ought to have been rejected, because it was calculated to mislead the jury by withdrawing their attention from the true enquiry before them. In the case,
 
 Carter
 
 v. Pryke, Peake’s cases 95, cited in 1 Greenl’f. on Ev., sec. 52, where the question between landlord and tenant was, whether the rent was payable quarterly or half yearly, evidence of the mode in which other tenants of the same landlord paid their rent, was held to be inadmissible. Eut wo presume the evidence would have been received had it been shown that the party held upon the same terms with the other tenants.
 

 As the plaintiff may have been injured by the reception of tho improper testimony, he is entitled to have the verdict and judgment set aside, and a
 
 venire de novo
 
 awarded to him.
 

 Eee Curiam.
 

 Judgment reversed.